**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

A.R.R.Z.,

Petitioner,

v.

Warden, STEWART DETENTION CENTER,

Respondent.

Case No. 4:26-cv-1188-CDL-ALS

## ORDER AND RECOMMENDATION

Before this Court is Petitioner's Writ of Habeas Corpus (ECF No. 1) and Petitioner's Notice Regarding Bond Hearing and Request for Further Consideration (ECF No. 4).[1] For the reasons stated below, Petitioner's Request for Further Consideration is **DENIED,** and it is recommended that this matter be **DISMISSED**.

## BACKGROUND

Petitioner is a Colombian national. ECF No. 1-2 at 2. On August 18, 2026, he was taken into custody when he appeared for his regularly scheduled reporting appointment with U.S. Immigration Customs and Enforcement. *Id.* at 1. He is currently being detained at Stewart Detention Center in Lumpkin, Georgia pursuant to 8 U.S.C. § 1226(a). *Id.*

On September 15, 2026, Petitioner filed the instant Petition. ECF No. 1. In it, he claims: (1) that he is being detained under 8 U.S.C. § 1226(a) and is entitled to an individualized bond hearing; (2) that Respondent's refusal to provide him with a bond hearing is contrary to the Immigration and Nationality Act, and (3) that his continued

[1] Noted on the Court's docket as "Petitioner's Response to Court Order."

detention without being given an individualized custody hearing violates the Due Process Clause of the Fifth Amendment. *Id.* at 6-8.

On September 16, 2026, the Court ordered Respondent to give Petitioner a bond hearing and to do so within seven days. ECF No. 3 at 1. In that order, the Court also directed Petitioner to voluntarily dismiss this matter after he had been given the bond hearing. *Id.* at 2.

On September 30, 2026, Petitioner filed a Request for Further Consideration. ECF No. 4. In it, Petitioner states that although he was given a bond hearing, one of the primary grounds upon which his request for bond was denied was the immigration judge's finding that he lacked sufficient ties to the community, despite the evidence that he had provided to the contrary. *Id.* at 1-2. Petitioner ultimately contends that the bond hearing he was given did not comport with "the relief contemplated by the Court's September 16, 2026, [o]rder and the requirements of due process." (*Id.* at 2).

**DISCUSSION**

For the following reasons, Petitioner's Request for Further Consideration related to his bond hearing (ECF No. 4) isdenied, and his Petition (ECF No. 1) is recommended dismissed. First, the only relief requested in the Petition is that Petitioner be given a bond hearing consistent with his rights to due process. (*See generally Id.* at 6). On September 16, 2026, the Court directed Respondent to give Petitioner a bond hearing (ECF No. 3), and Petitioner states that he was given one (ECF No. 4 at 1-2, ¶¶ 2, 12). As a result, Petitioner has "received the remedy that the Court is authorized to order." *See* ECF No. 3 at 2. Second, although Petitioner states in his Request for Further Consideration that he is not asking the Court to substitute its judgment for that of the immigration judge (ECF No. 4 at 2, ¶ 14), that is precisely what his Request for Further Consideration seeks to do.

The Request for Further Consideration specifically contends that during the bond hearing, Petitioner presented "substantial evidence of [his] longstanding family, employment, financial, and community ties in the United States" to the presiding immigration judge. *Id.* at 1, ¶ 5. Petitioner goes on to ask this Court to consider whether, based on the information provided in the Request for Further Consideration, the bond hearing before the immigration judge "satisfied the relief contemplated" by this Court with respect to due process. *Id.* at 2, ¶ 14.

This Court's jurisdiction to review the bond decision of an immigration judge is limited by 8 U.S.C. § 1226(e), which provides in part that "discretionary judgment regarding the application of [8 U.S.C. § 1226] shall not be subject to review. No court may set aside any action or decision by the [immigration judge] under this section regarding the detention of any alien or the revocation or denial of bond or parole." 8 U.S.C. § 1226(e). Only the Attorney General can release a noncitizen on bond, and nothing in 8 U.S.C. § 1226(a) – the statutory framework under which Petitioner is being held (*see* Doc. 1 at 6) – says otherwise. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (stating same).

Moreover, it is apparent from the face of the Request for Consideration that Petitioner may be in the process of filing an appeal of the immigration judge's adverse bond determination to the Board of Immigration Appeals ("BIA"). "Petitioner further advises the Court that he intends to pursue any available administrative review of the Immigration Judge's bond determination." ECF No. 4 at 2 ¶ 15. A petitioner must exhaust all available administrative remedies before filing a § 2241 petition. *See Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015); *Portillo v. Gualtieri*, Case No. 8:26-cv-1718-KKM-LSG, 2026 WL 2069948 *2 (M.D. Fla. July 17, 2026). Disagreement with an

immigration judge's decision about bond should first be made to the BIA. *See* 8 C.F.R. §§ 1003.1(b)(7); 1003.19(f). Thus, it is improper for Petitioner to pursue habeas review of the immigration judge's adverse bond determination before appealing to the BIA. Based on these facts, it is apparent that Petitioner's request for further review by this Court is premature at this time.

## CONCLUSION

Accordingly, Petitioner's Request for Further Consideration, which requests that this Court revisit the immigration judge's decision to deny his bond prior to any exhaustion of administrative remedies (*see* Doc. 4), is **DENIED as premature**. In addition, given that Petitioner received a bond hearing, which is the sole relief that this Court can provide, it is recommended that the Petition be **DISMISSED WITHOUT PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof. Any objection should be no longer than TWENTY (20) PAGES in length. M.D. Ga. L.R. 7.4. The district judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection,

however, the court may review on appeal for plain error, if necessary, in the interests of justice."

**SO ORDERED and RECOMMENDED**, this 5th day of October, 2026.

s/ **ALFREDA L. SHEPPARD**
UNITED STATES MAGISTRATE JUDGE